1
2
3
4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

5
6
7

EMILY P.,

                         Plaintiff,

8          v.

9    COMMISSIONER OF SOCIAL
     SECURITY,

10                        Defendant.

Case No. 2:19-cv-01084

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

11
12         Plaintiff has brought this matter for judicial review of Defendant's denial of her

13   application for disability insurance benefits ("DIB").

14          The parties have consented to have this matter heard by the undersigned

15   Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule

16   MJR 13. For the reasons set forth below, the undersigned agrees that the ALJ erred,

17   and the ALJ's decision is reversed and remanded for further proceedings.

18                            I.    ISSUES FOR REVIEW

19     1.  Did the ALJ err in evaluating medical opinion evidence?
       2.  Did the ALJ properly evaluate Plaintiff's symptom testimony?
20     3.  Did the ALJ err in assessing lay witness statements?

21                            II.    BACKGROUND

22         Plaintiff filed an application for DIB on June 17, 2015, alleging a disability onset

23   date of March 1, 2012. AR 15, 183-91. Plaintiff's applications were denied upon initial

24   administrative review and on reconsideration. AR 15, 116-18, 121-23. A hearing was

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 1

1    held before Administrative Law Judge ("ALJ") Virginia M. Robinson on August 3, 2017.

2    AR 33-87. On August 8, 2018, ALJ Robinson issued a decision finding that Plaintiff was

3    not disabled. AR 12-26. On June 24, 2019, the Social Security Appeals Council denied

4    Plaintiff's request for review. AR 1-6.

5        Plaintiff seeks judicial review of the ALJ's August 8, 2018 decision. Dkt. 4.

6                    III.    STANDARD OF REVIEW

7        Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's

8    denial of Social Security benefits if the ALJ's findings are based on legal error or not

9    supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874

10   F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a

11   reasonable mind might accept as adequate to support a conclusion.'" *Biestek v.*

12   *Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

13                      IV.    DISCUSSION

14       In this case, ALJ found that Plaintiff had the severe, medically determinable

15   impairments of degenerative disc disease, fibromyalgia, obesity, status post surgeries

16   for carpal tunnel syndrome, epicondylitis, and tendonitis. AR 17. The ALJ also found

17   that Plaintiff had a range of non-severe impairments. AR 17-18.

18       Based on the limitations stemming from these impairments, the ALJ found that

19   Plaintiff could perform a reduced range of light work. AR 19. Relying on vocational

20   expert ("VE") testimony, the ALJ found that Plaintiff could perform her past work;

21   therefore the ALJ determined at step four that Plaintiff was not disabled. AR 24-25, 73-

22   74. The ALJ also made alternative findings at step five, finding that there were other

23   light and sedentary unskilled jobs Plaintiff could perform despite her impairments. AR

24   25-26, 76-77.

25

1

2      A.  Whether the ALJ properly evaluated medical opinion evidence

3          Plaintiff maintains that the ALJ erred by not evaluating medical opinions from

4  treating physicians William Ericson, M.D., Rajiv Goel, M.D., and Marianne Broers, M.D.

5  Dkt. 13, pp. 3-6. Plaintiff further contends that the ALJ erred in evaluating the opinions

6  of non-examining sources Allison Baker, D.O., Nathaniel Harrison, ARNP, and Gordon

7  Hale, M.D. *Id.* at 3-4, 8-13.

8          The Ninth Circuit has held that failing to discuss a medical opinion generally does

9  not constitute harmless error. *Hill v. Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012) ("the

10  ALJ's disregard for Dr. Johnson's medical opinion was not harmless error and Dr.

11  Johnson's opinion should have been considered") (citing 20 C.F.R. § 404.1527(c)

12  (requiring the evaluation of "every medical opinion" received)).

13          Dr. Ericson, Plaintiff's treating orthopedist, provided several statements about

14  Plaintiff's condition. AR 338, 374-75, 381-84, 856-58, 867-70, 1317, 1349-52, 1373-74,

15  1639, 1661-64, 1665-66, 1668, 1796. On April 24, 2015, Dr. Ericson opined that

16  Plaintiff's ability to use her arms and hands was limited due to proximal median nerve

17  entrapment, functional contracture pronator, radial tunnel syndrome, tendinosis

18  common extensor, lateral epicondylitis, and bilateral carpal instability. AR 374, 857,

19  1373, 1665. Dr. Ericson indicated that while Plaintiff would be able to resume repetitive

20  use of her hands and arms eventually, she would be unable to perform her past work,

21  which involved repetitive/sustained typing, writing, and using a computer mouse. AR

22  375, 858, 1374, 1666.

23

24

25

1

2   On May 27, 2015, Dr. Ericson again opined that Plaintiff could not perform any

3   job that required typing or using a computer mouse throughout the day. AR 383, 869, 1663.

4   On July 30, 2015, Dr. Ericson offered a more detailed opinion concerning

5   Plaintiff's functional capacity. AR 854-55. Dr. Ericson opined that due to her

6   impairments, Plaintiff could sit for a maximum of four hours in an eight-hour day and

7   occasionally lift and carry up to 20 pounds. AR 854. Dr. Ericson further opined that

8   Plaintiff could frequently climb stairs and occasionally climb ladders, handle/finger with

9   her right hand, and reach overhead and at desk level. AR 854. Dr. Ericson added that

10  Plaintiff could never balance, work at heights, or handle/finger with her left hand. *Id.* Dr.

11  Ericson again stated that Plaintiff could not do work involving typing or use of a

12  computer mouse. AR 855.

13  On July 22, 2014, Dr. Goel offered an opinion concerning Plaintiff's limitations.

14  AR 965-67, 1400-01. Dr. Goel opined that Plaintiff could sit, stand and/or walk for four

15  hours in an eight-hour day and lift/carry up to 10 pounds occasionally. AR 965, 1400.

16  Dr. Goel stated that Plaintiff could never climb ladders, balance, work at heights, kneel,

17  or crawl, and occasionally stoop, reach, and handle/finger with both hands. *Id.*

18  On May 19, 2015, Dr. Goel confirmed his findings, stating that Plaintiff had a

19  painful, disabling condition that prevents her from performing work that involves typing

20  for many hours throughout the day. AR 334-37, 871-74, 1209-12.

21  On May 31, 2012, Dr. Broers, Plaintiff's primary care physician, submitted an

22  opinion concerning Plaintiff's work-related limitations. AR 741-46. Dr. Broers opined that

23  Plaintiff could sit for three hours, and stand and/or walk for two hours in an eight-hour

24

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 4

day. AR 741, 743, 745. Dr. Broers further opined that Plaintiff could frequently lift up to 20 pounds, and occasionally climb stairs, stoop, kneel/crawl, reach, and handle/finger with both hands. *Id.* Dr. Broers added that Plaintiff could never climb ladders, balance, or work at heights. *Id.*

On November 28, 2012, Dr. Broers stated that Plaintiff had significant physical impairments that prevented her from performing typical day-to-day activities or returning to work. AR 1504-05.

On April 8, 2013, Dr. Broers completed a work accommodation form for Plaintiff's employer, stating that Plaintiff could not sit or stand for more than five minutes before needing to change positions. AR 1434.

On November 25, 2013, Dr. Broers submitted another opinion concerning Plaintiff's functional capacity. AR 1422-23. Dr. Broers found that Plaintiff could only sit for one hour in an eight-hour day, but could stand and/or walk continuously throughout the day. AR 1422. Dr. Broers opined that Plaintiff could occasionally lift/carry up to 10 pounds, frequently climb stairs, and occasionally stoop and reach. *Id.* Dr. Broers added that Plaintiff could never climb ladders, balance, work at heights, kneel/crawl, or handle/finger with either hand. *Id.*

On January 21, 2016, Dr. Broers submitted another statement concerning Plaintiff's limitations. AR 1808-11. Dr. Broers opined that Plaintiff's impairments prevented her from performing even sedentary work and stated that Plaintiff was unable to lift and carry more than two pounds occasionally and could not use a keyboard for more than 30 minutes per day. AR 1808-09. Dr. Broers added that Plaintiff could not grasp repetitively, perform repetitive wrist or elbow motions, or extend her neck to look

at a computer screen for more than 30 minutes per day. AR 1808. Dr. Broers further

opined that Plaintiff could never grasp objects, and could seldom bend forward at the

waist, perform fine manipulation, perform repetitive tasks, or reach overhead or forward

with either arm. AR 1809-10. Dr. Broers concluded that Plaintiff would be unable to

perform even part-time work if it involved repetitive use of her upper extremities. AR

1811.

On September 30, 2016, Dr. Broers provided another functional assessment. AR

799-800. Dr. Broers found that Plaintiff could sit, stand and/or walk for five minutes in an

eight-hour day. AR 799. Dr. Broers further opined that Plaintiff could occasionally

lift/carry up to 10 pounds, climb stairs, stoop, and reach at desk level. *Id.* Dr. Broers

stated that Plaintiff could never climb ladders, balance, work at heights, kneel/crawl,

reach overhead, or handle/finger with either hand. *Id.* Dr. Broers further opined that

Plaintiff could not type or use a mouse, and that work modifications such as use of a

special chair and voice recognition software, the ability to stand at her workstation,

telework, and flexible hours were insufficient to accommodate Plaintiff's impairments.

AR 800.

The ALJ did not discuss or assign weight to the opinions of Dr. Ericson, Dr. Goel,

and Dr. Broers. Instead, the ALJ merely noted that the record contained "numerous

other opinions, including those from treating and examining sources, indicating the

inability to work with significantly greater limits than found here." AR 23.

The ALJ explained that "[w]hile a treating or examining physician would ordinarily

carry greater weight due to the history with the claimant or opportunity to examine

firsthand," the opinions of Allison Baker, D.O. and Nathaniel Harrison, ARNP were

1   "more persuasive given the physical exams and range of activities Plaintiff performed

2   during the period at issue." AR 23.

3           An ALJ errs by rejecting a physician's opinion in a vague or conclusory manner

4   *Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) (citing *Nguyen v. Chater*, 100

5   F.3d 1462, 1464 (9th Cir. 1996)). Here, the ALJ has rejected the opinions of Dr. Ericson,

6   Dr. Goel, and Dr. Broers without discussing the limitations contained in these opinions --

7   or explaining why the limitations they assessed were inconsistent with the medical

8   record.

9           Further, in rejecting the opinions of Dr. Ericson and Dr. Goel in a conclusory

10  manner, the ALJ ignored significant, probative evidence concerning the opinions of Dr.

11  Baker and Mr. Harrison. *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (An ALJ

12  "may not reject 'significant probative evidence' without explanation.") (internal citations

13  omitted).

14          Dr. Baker and Mr. Harrison reviewed the medical record and offered an opinion

15  concerning Plaintiff's limitations on July 25, 2017. AR 326-27, 387-88, 766-67. Dr. Baker

16  and Mr. Harrison opined that Plaintiff could lift up to 50 pounds. AR 326, 387, 766. They

17  further opined that Plaintiff could frequently sit, stand and/or walk, reach, and

18  finger/handle with both hands, and occasionally bend. *Id.* Dr. Baker and Mr. Harrison

19  based their opinion on images posted by Plaintiff to social media sites that depict

20  Plaintiff engaging in activities they believe to be inconsistent with her alleged limitations.

21  *Id.*

22          Dr. Ericson and Dr. Goel both reviewed Plaintiff's social media posts and

23  concluded that they did not provide useful information concerning Plaintiff's functional

24

25

capacity. AR 336, 383-84, 869-70, 1663-64. Because the ALJ did not evaluate these findings, the ALJ's evaluation of the opinions of Dr. Baker and Mr. Harrison (largely predicated on their interpretation of Plaintiff's social media posts) is not supported by substantial evidence. The ALJ's decision to assign less weight to part of Dr. Hale's opinion, a finding which was itself based on the greater weight afforded to Dr. Baker and Mr. Harrison's opinions, is similarly not supported by substantial evidence. AR 23-24.

B.  Whether the ALJ erred in evaluating Plaintiff's testimony

Plaintiff contends that the ALJ did not provide clear and convincing reasons for discounting her symptom testimony. Dkt. 13, pp. 14-18.

In weighing a Plaintiff's testimony, an ALJ must use a two-step process. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). First, the ALJ must determine whether there is objective medical evidence of an underlying impairment that could reasonably be expected to produce some degree of the alleged symptoms. *Ghanim v. Colvin,* 763 F.3d 1154, 1163 (9th Cir. 2014). If the first step is satisfied, and provided there is no evidence of malingering, the second step allows the ALJ to reject the claimant's testimony of the severity of symptoms if the ALJ can provide specific findings and clear and convincing reasons for rejecting the claimant's testimony. *Id.*; *see Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999).

In discounting Plaintiff's symptom testimony, the ALJ reasoned that: (1) Plaintiff's allegations concerning her symptoms were inconsistent with the record; and (2) Plaintiff's allegations were inconsistent with her self-reported activities of daily living. AR 21-23.

1    With respect to the ALJ's first reason, an inconsistency with the objective

2    evidence may serve as a clear and convincing reason for discounting a claimant's

3    testimony. *Regennitter v. Commissioner of Social Sec. Admin.*, 166 F.3d 1294, 1297

4    (9th Cir. 1998). But an ALJ may not reject a claimant's subjective symptom testimony

5    "solely because the degree of pain alleged is not supported by objective medical

6    evidence." *Orteza v. Shalala*, 50 F.3d 748, 749-50 (9th Cir. 1995) (internal quotation

7    marks omitted, emphasis added); *Byrnes v. Shalala*, 60 F.3d 639, 641-42 (9th Cir.

8    1995) (applying rule to subjective complaints other than pain).

9    Regarding the ALJ's second reason (as discussed above in connection with the

10   medical opinion evidence), the ALJ did not evaluate the declarations of Dr. Ericson and

11   Dr. Goel, which state that Plaintiff's ability to perform certain activities of daily living

12   does not necessarily indicate capacities that are transferable to a work setting. *See*

13   *supra* Section IV.A.; *Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th

14   Cir.1999). Therefore, the ALJ's evaluation of Plaintiff's activities of daily living is not

15   supported by substantial evidence, and the ALJ has not provided clear and convincing

16   reasons for discounting Plaintiff's testimony.

17   C.   Whether the ALJ properly assessed lay witness statements

18   Plaintiff contends that the ALJ erred by not evaluating statements from John

19   Cary, M.A., Nathaniel Harrison, ARNP, and Theodore Becker, Ph.D., and by not

20   providing germane reasons for discounting a statement from Plaintiff's husband. Dkt.

21   13, pp. 6-8, 18.

22   When evaluating opinions from non-acceptable medical sources, an ALJ may

23   expressly disregard such testimony if the ALJ provides "reasons germane to each

24

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 9

1   witness for doing so." *Turner v. Commissioner of Social Sec.*, 613 F.3d 1217, 1224 (9th

2   Cir. 2010) (citing *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); 20 C.F.R. §

3   404.1502.

4   <u>Mr. Cary, Mr. Harrison, and Dr. Becker</u>

5       On April 29, 2015, vocational counselor Mr. Cary provided a detailed assessment

6   of Plaintiff's medical history, functional capacity, and work responsibilities. AR 875-91,

7   1356-72. Mr. Cary concluded that Plaintiff was incapable of performing the duties of any

8   job for which she was reasonably qualified. AR 891, 1372.

9       On July 11, 2017, nurse practitioner Mr. Harrison provided an assessment of

10  Plaintiff's functional capacity. AR 2060-63. Mr. Harrison opined that Plaintiff could sit for

11  seven hours and stand and/or walk one hour in an eight-hour day. AR 2060-61. Mr.

12  Harrison further opined that Plaintiff could frequently lift no more than five pounds,

13  occasionally reach overhead, occasionally reach forward with her right arm, and never

14  reach forward with her left arm. AR 2061. Mr. Harrison added that Plaintiff could

15  occasionally handle objects with her right hand, and never handle objects with her left

16  hand. *Id.* Mr. Harrison said that Plaintiff could never perform fine manipulation/fingering

17  or repetitive tasks with her arms. AR 2062.

18      On November 10, 2017, sports medicine expert Dr. Becker opined that Plaintiff

19  exhibited biomechanical fatigue, clinical physiological limb swelling and significant work

20  physiological fatigue that rendered her work intolerant. AR 2078-79.

21      The ALJ did not discuss or assign weight to the opinions of Mr. Cary, Mr.

22  Harrison, or Dr. Becker. The ALJ's failure to assess these opinions is not harmless,

23  given that all three opinions are potentially consistent with a finding of disability. The

24

25

Court notes that Mr. Harrison's July 11, 2017 opinion is significantly different from the opinion he co-signed with Dr. Baker only two weeks later. Compare AR 2060-63, with AR 326-27, 387-88, 766-67.[1]

Plaintiff's Husband

Plaintiff's husband submitted a statement concerning her functional limitations on July 20, 2017. AR 299-300. The ALJ assigned "little weight" to his statement, reasoning that it essentially re-stated Plaintiff's allegations, which were not consistent with the record. AR 24. For the reasons discussed above, the ALJ has not provided clear and convincing reasons for discounting Plaintiff's testimony. *See supra* Section IV.B. As such, the similarity between Plaintiff's testimony and her husband's statement cannot serve as a germane reason for discounting his statement.

D.   Remand for Further Proceedings

"'The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors, it should remand the case for further consideration. *Revels*, 874 F.3d at 668.

---

[1] In addition, the ALJ did not consider opinions from other sources, including Plaintiff's co-worker, Laurie Moloney, physical therapist Gene Kopyt, MPT, and occupational therapist Sharon Chang. AR 895-97, 1230-32, 1274-75, 1376-78, 1507, 1769-71, 1774-75, 1777, 1781-82.

1    The Ninth Circuit has developed a three-step analysis for determining when to

2    remand for a direct award of benefits. Such remand is generally proper only where

3         "(1) the record has been fully developed and further administrative
         proceedings would serve no useful purpose; (2) the ALJ has failed to
4         provide legally sufficient reasons for rejecting evidence, whether claimant
         testimony or medical opinion; and (3) if the improperly discredited
5         evidence were credited as true, the ALJ would be required to find the
         claimant disabled on remand."

6
    *Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir.
7
    2014)). The Ninth Circuit emphasized in *Leon v. Berryhill* that even when each element
8
    is satisfied, the district court still has discretion to remand for further proceedings or for
9
    award of benefits. 80 F.3d 1041, 1045 (9th Cir. 2017).
10
         Here, the ALJ erred by not evaluating medical opinions and opinions from non-
11
    medical sources. The ALJ also did not provide clear and convincing reasons for
12
    discounting Plaintiff's testimony. Because of uncertainty concerning whether Plaintiff
13
    would be disabled if this evidence were credited as true, *see Garrison v. Colvin*, 759
14
    F.3d 995, 1021 (9th Cir. 2014) (courts have the flexibility to remand for further
15
    proceedings when the record as a whole creates "serious doubt" as to whether the
16
    claimant is disabled within the meaning of the Social Security Act), remand for further
17
    proceedings is the appropriate remedy.
18

19

20

21

22

23

24

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 12

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

<u>CONCLUSION</u>

Based on the foregoing discussion, the Court finds the ALJ erred when she found Plaintiff was not disabled. Defendant's decision to deny benefits is therefore REVERSED and this matter is REMANDED for further administrative proceedings. The ALJ is directed to re-evaluate the medical opinion evidence, Plaintiff's testimony, and opinions from non-medical sources on remand.

Dated this 10th day of November, 2020.

Theresa L. Fricke
United States Magistrate Judge